IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS EDGARDO MARTINEZ-NIEVES, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00538-ESC |
| vs. | § § § | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY DEPARTMENT; | § § § § | |
| *Defendant.* | § § | |

**ORDER**

Before the court in the above-styled cause of action is Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act § 206(b) [#23]. By his motion, Plaintiff's attorney Howard D. Olinksy asks the Court to award him $12,718.75 out of Plaintiff's past-due benefits award from the Social Security Administration. Having considered the motion and the Commissioner's response [#25], the Court will grant Plaintiff's motion.

On March 5, 2021, the Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded this case for further administrative proceedings [#18]. On June 4, 2021, the Court awarded attorney's fees in the amount of $5,868.50 to Plaintiff as a prevailing party under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [#22]. The Social Security Administration ("SSA") issued a final determination on remand, finding Plaintiff disabled, and mailed a Notice of Award to Plaintiff on December 21, 2022, which grants him total past-due benefits in the amount of $74,875.00. (Ex. B [#23-3], at 1–8.)

According to Section 206(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b). The provision states:

1

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b) (emphasis added). Further, the Supreme Court has explained that if a plaintiff's attorney receives fees pursuant to the Equal Access to Justice Act (EAJA) and § 406(b) fees, then the attorney must refund the amount of the smaller fee to the plaintiff:

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186). Thus, an EAJA award offsets an award under § 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased. *Id.*

In this case, the Notice of Award specifies that 25 percent of past-due benefits is being withheld in the amount of $18,718.75, in the event SSA needs to pay Plaintiff's representative at the administrative level and his attorney on appeal. (Ex. B [#23-3], at 4.) Mr. Olinksy did not represent Plaintiff at the administrative level and therefore does not seek the $6,000 administrative fee. Mr. Olinksy seeks fees in the amount of $12,718.75, which is 25 percent of the amount of past-due benefits less the administrative fee. Upon receipt of payment, Mr. Olinksy will refund $5,868.50 to Plaintiff, the amount of the EAJA fee award.

The record reflects that Plaintiff and Mr. Olinsky entered into a contingency fee agreement, which provides that Plaintiff will pay Mr. Olinsky a fee up to 25 percent of the past due benefits awarded to Plaintiff. (Ex. A [#22-2], at 2.) Time records attached to Mr. Olinsky's motion demonstrate that Mr. Olinsky spent 25.00 attorney hours on this case at the federal-court

level and his paralegals spent 7.70 hours, for a total of 32.70 hours of professional time.  (Ex. C [#23-4]; Ex. D [#23-5]; Ex. E [#23-6].)  If the paralegal hours are billed at $100.00 per hour and deducted, the effective hourly attorney rate is $477.95.

In considering a motion for a 406(b) fee award, the Court must decide whether the requested award is reasonable.  *Gisbrecht*, 535 U.S. at 808.  An award of 25 percent is considered the ceiling for fees, not an amount that is automatically considered reasonable.  *Id.* at 807.  Where the plaintiff and his or her attorney have entered into a contingency fee agreement, the Court must review for reasonableness the fees yielded by that agreement and assess whether the fees would result in a windfall for the attorney.  *Id*. at 808–09.  The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned such that it may be considered a windfall.  *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010).  It has noted with approval, however, several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee."  *See id.* at 381–82.  While not determinative, the existence of a contingency fee agreement indicates that the plaintiff consented to the agreed upon fee.  *Id*.

The Commissioner filed a response to Plaintiff's motion [#25], indicating that she takes no legal position as to the appropriateness or reasonableness of the request for fees and states that the requested fee does not appear unreasonable.  For the purposes of fee determination, the Commissioner is not a true party in interest; instead, the Commissioner's role is similar to a trustee.  *Jeter*, 622 F.3d at 374 n.1 (citing *Gisbrecht*, 535 U.S. at 798 n.6).

Having reviewed Plaintiff's motion, the supporting documentation provided, and the submission by the Commissioner, the Court finds the fee request reasonable. Mr. Olinksy provided effective and efficient representation, obtaining a fully favorable result for Plaintiff. Mr. Olinksy's resulting effective hourly rate of $477.95 falls well within, if not below, amounts that have been approved by courts as reasonable under similar circumstances. *See, e.g.*, *Aina v. Kijakazi*, No. 5:19-CV-153, 2022 WL 2959719, at *3 (S.D. Tex. June 28, 2022), *report and recommendation adopted,* No. 5:19-CV-153, 2022 WL 2954336 (S.D. Tex. July 26, 2022) (awarding fees amounting to an hourly rate of $459.78, and finding award "well within the amount typically approved by courts in the Fifth Circuit."); *Brown v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-0190-BH, 2022 WL 1156019, at *3 (N.D. Tex. Apr. 19, 2022) ("Counsel's resulting hourly rate of $480.769 falls well below amounts that have been approved by courts as reasonable."). Additionally, the fee request is consistent with the terms of Plaintiff's fee agreement with Mr. Olinsky, which indicates Plaintiff's consent to the award.

In summary, the fee award requested by Mr. Olinsky is reasonable, and the Court will grant the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act § 206(b) [#23] is **GRANTED**.

**IT IS FURTHER ORDERED** that Howard D. Olinsky be awarded **$12,718.75** in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. 40b(b), held by the Commissioner for such purposes, made payable to Mr. Olinksy at his address on file. Upon receipt of payment, Mr. Olinksy is directed to refund to Plaintiff the EAJA fee he previously received.

**IT IS SO ORDERED.**

SIGNED this 10th day of February, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE